PER CURIAM.
This is an appeal of an order summarily denying a motion under Florida Rule of Criminal Procedure 3.850. We reverse because the record before us does not conclusively refute the claims that are raised.
In case number 3D07-961, Everett A. Oliver claimed that he was sentenced to eighteen months in the Department of Corrections, followed by eighteen months’ probation. Subsequent to his release from incarceration, he was charged and found guilty of willfully violating the probation portion of his sentence. Oliver claims that before sentencing, on September 21, 2006, the prosecutor brought to the attention of the trial court the fact that he already had served eighteen months of incarceration in this case. He contends that at the sentencing hearing, the trial court stated that because he already had served eighteen months, the trial court was only going to sentence him to another eighteen months’ incarceration for the violation of his probation. Oliver claims, however, that the written sentencing order reflects that he was sentenced to three years in the Department of Corrections.
On March 7, 2007, Oliver filed a motion for post-conviction relief, asking the trial court to vacate his sentence and enter a new order comporting the written sentencing order with the trial court’s oral pronouncement at the sentencing hearing on September 21, 2006. On March 20, 2007, the trial court summarily denied the motion. On April 5, 2007, Oliver appealed the summary denial of his 3.850 motion to this Court. On May 23, 2007, we reversed the trial court’s summary denial and remanded for the attachment of records that would conclusively show that Oliver was not entitled to relief. See Oliver v. State, 957 So.2d 700 (Fla. 3d DCA 2007).
On June 7, 2007, the trial court again summarily denied the motion, and directed the clerk of the trial court to attach the judgment and sentence dated November 18, 2003. The clerk of the trial court did not attach the judgment and sentence, so this Court, on August 6, 2007, directed that the clerk of the trial court transmit those documents.
A review of the record reveals that the trial court still has not attached the appropriate documents. The November 18, 2003 sentencing order does not refute Oliver’s claim that the sentencing court orally pronounced, on September 21, 2006, that it was sentencing him to only eighteen months incarceration for the violation of his probation, as opposed to three years.
On appeal from a summary denial, this Court must reverse unless the post-conviction record, see Fla. R. App. P. 9.141(b)(2)(A), shows conclusively that the appellant is entitled to no relief. See Fla. R. App. P. 9.141(b)(2)(D). Because the record now before us fails to make the required showing, we again reverse the order and remand for further proceedings. If the trial court again enters an order summarily denying the post-conviction motion, the trial court shall attach record excerpts conclusively showing that Oliver is not entitled to any relief, specifically, the transcript of the sentencing hearing held on September 21, 2006, and any sentencing *354 orders entered by the sentencing court as a result of that hearing.
Reversed and remanded for further proceedings.